IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN JEROME SUPPLES, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| vs. ) | Civil Action No. 08-1275 |
| ) | Chief U.S. Magistrate Judge Amy Reynolds Hay |
| JOHN KERESTES, Superintendent of ) | |
| S.C.I. Mahanoy; TOM CORBETT, the ) | |
| Attorney General of the States of ) | |
| Pennsylvania; JOHN BONGIVENGO, ) | |
| the District Attorney of the County of ) | |
| Lawrence, ) | |
| ) | |
| Respondents ) | |

## **MEMORANDUM OPINION**

Allen Jerome Supples ("Petitioner"), also known as, inter alia,  "Jerome Allen,"

"Michael Johnson" and "Alan Supples,"[1] is a state prisoner assigned Identification Number DZ-

5713 by the Pennsylvania Department of Corrections ("DOC").  He has filed this Section 2254

habeas petition, complaining that his multiple sentences have not been properly credited.

Because he has failed to appeal the allegedly improper crediting of his sentences in the state

courts, he has procedurally defaulted his claims and the petition is properly dismissed as being

procedurally defaulted.  Alternatively, because he has failed to comply with the one year AEDPA

statute of limitations as to two of his claims, those claims are also properly dismissed as time

barred.

---

[1]  See Pennsylvania Department of Corrections Inmate Locator Website, available at:

http://inmatelocator.cor.state.pa.us/inmatelocatorweb/

**Relevant Procedural History**

Petitioner, proceeding pro se, filed the instant habeas petition (Doc. 3), pursuant to 28 U.S.C. § 2254, and a brief in support (Doc. 4) seeking to challenge the crediting of three sentences.  The Respondents filed an answer (Doc. 11), which raised, inter alia, the defense of the AEDPA statute of limitations, and the procedural default defense in addition to the defense of non-exhaustion.  The Respondents also sent to this Court, copies of the state court records from the Court of Common Pleas of Lawrence County.  Petitioner did not file a traverse.  All parties have consented to have the Magistrate Judge exercise plenary jurisdiction and enter final judgment.  (Doc. Nos. 14 & 15).

**The Petitioner's Sentence Crediting Claims Have Been Procedurally Defaulted**

Whereas the doctrine of exhaustion focuses on the question of when a habeas petitioner may bring his petition, i.e., only after state court remedies have been exhausted, the doctrine of procedural default focuses on the question of not when the federal court may consider the petition but whether the federal court can entertain the federal habeas petition at all.  See, e.g., Coleman v. Thompson, 501 U.S. 722 (1991)(if petitioner has procedurally defaulted a claim in state court, then the federal court is barred from considering the claim unless the petitioner shows cause for, and prejudice from the procedural default); Toulson v. Beyer, 987 F.2d 984, 986 n.5 (3d Cir. 1993) (footnote and the accompanying text, indicating that the exhaustion requirement does not foreclose, but only postpones, federal relief; the procedural default doctrine may foreclose federal relief).  The doctrine of procedural default essentially provides that if a federal habeas petitioner has either failed to present a federal claim in the state courts or failed to comply with a state procedural rule and such failure would provide a basis for the state courts to decline

2

to address the federal claim on the merits, then such federal claims may not be addressed by the federal habeas court.  See, e.g., Wainwright v. Sykes, 433 U.S. 72 (1977) (failure to object at trial constituted waiver of issue under state law and hence, a procedural default under federal habeas law); Francis v. Henderson, 425 U.S. 536 (1976) (failure to comply with state procedure requiring challenges to composition of grand jury be made before trial constituted state waiver and, therefore, also constituted procedural default for purposes of federal habeas); O'Sullivan v. Boerckel, 526 U.S. 838, 848-49 (1999) (failure to raise issue in discretionary appeal to state supreme court constituted a procedural default for habeas purposes).

Procedural default will not be found based upon the failure to comply with the state procedural rule unless the state procedural rule is "adequate" and "independent."  Coleman v. Thompson, 501 U.S. at 750.  A state rule of procedure is "adequate" if it is firmly established and applied with some consistency.  Doctor v. Walters, 96 F.3d 675, 684 (3d Cir. 1996) ("A state rule is adequate only if it is 'consistently and regularly applied.' Johnson v. Mississippi, 486 U.S. 578, 587 (1988), abrogated on other grounds by, Beard v. Kindler, __ U.S. __, 130 S.Ct. 612 (2009)(holding discretionary State rules can be adequate, contrary to Doctors).  See also  Ford v. Georgia, 498 U.S. 411, 423-24 (1991) (state procedural rule must be 'firmly established and regularly followed' to bar federal habeas review).").  A procedural rule is not adequate if it is "employed infrequently, unexpectedly or freakishly."  Braun v. Powell, 227 F.3d 908, 912 (7th Cir. 2000)   A state rule of procedure is  "independent" if it does not depend for its resolution on answering any federal constitutional question.  Ake v. Oklahoma, 470 U.S. 68, 75 (1985) ("when resolution of the state procedural law question depends on a federal constitutional ruling, the state-law prong of the court's holding is not independent of federal law . . . .").

There are exceptions to the procedural default doctrine.   An issue that was not properly raised in the state system and, therefore, procedurally defaulted, may nonetheless be addressed by a federal habeas court if the petitioner shows cause for, and actual prejudice stemming from, the procedural default.  Wainwright v. Sykes.   In order "[t]o show cause, a petitioner must prove 'that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.' *Murray v. Carrier*, 477 U.S. 478, 488 (1986)."  Sistrunk v. Vaughn, 96 F.3d 666, 675 (3d Cir. 1996).  In order to show actual prejudice, "the habeas petitioner must prove not merely that the errors . . . created a possibility of prejudice, but that they worked to his actual and substantial disadvantage . . . .   This standard essentially requires the petitioner to show he was denied 'fundamental fairness[.]'" Werts v. Vaughn, 228 F.3d 178, 193 (3d Cir. 2000) (citations and some internal quotations omitted).

A second exception permits a federal court to address the merits of a procedurally defaulted claim where the petitioner can establish a "miscarriage of justice."  In Werts v. Vaughn, the Court explained this exception as follows:

> if the petitioner fails to demonstrate cause and prejudice for the default, the federal habeas court may still review an otherwise procedurally defaulted claim upon a showing that failure to review the federal habeas claim will result in a "miscarriage of justice."  Generally, this exception will apply only in extraordinary cases, i.e., "where a constitutional violation has probably resulted in the conviction of one who is actually innocent...." [Murray v. Carrier, 477 U.S. 478]  at 496 [(1986)].  Thus, to establish a miscarriage of justice, the petitioner must prove that it is more likely than not that no reasonable juror would have convicted him. Schlup v. Delo, 513 U.S. 298, 326 (1995).

Id.

Even if a respondent in a federal habeas proceeding fails to raise the issue of procedural default, the court may do so sua sponte.  Yeatts v. Angelone, 166 F.3d 255, 261-62 (4th Cir.

4

1999) ("Our conclusion that a federal habeas court possesses the authority, in its discretion, to decide a petitioner's claim on the basis of procedural default despite the failure of the state to properly preserve procedural default as a defense comports with the unanimous decisions of the other courts of appeals that have considered this question.   The First, Second, Third, Fifth, Seventh, Ninth, Tenth, and Eleventh Circuits all agree that a federal court, in the exercise of its judicial discretion, may address procedural default despite the failure of the state to preserve or present the issue properly.") (citing cases).   Moreover, a federal habeas court may decide that a habeas petitioner has procedurally defaulted a claim even though no state court has previously decided that the claim was procedurally barred under state law.  See, e.g., Carter v. Vaughn, 62 F.3d 591, 595 (3d Cir. 1995)(requiring the federal district court to determine whether the petitioner's failure to appeal in the state court constituted a waiver under state procedural law that barred state courts from considering the merits and, therefore, constituted a procedural default for habeas purposes even though no state court had made a determination that petitioner's failure to appeal constituted waiver under state law); Chambers v. Thompson,  150 F.3d 1324, 1327  (11th Cir. 1998).

Lastly, if a petitioner has clearly committed a procedural default and has not shown either cause and prejudice or a miscarriage of justice, the proper disposition is to dismiss the habeas petition with prejudice.  See, e.g., Wainwright v. Sykes;  McClain v. Deuth, 151 F.3d 1033 (Table),  1998 WL 516804, *2 (7th Cir. 1998); Redeagle-Belgarde v. Wood, 199 F.3d 1333 (Table), 1999 WL 985164, *4 (9th Cir. 1999); McNary v. Farley, 16 F.3d 1225 (Table), 1994 WL 59278, **3 (7th Cir. 1994) ("Ordinarily, when a district court concludes that a petitioner's claims are barred by the doctrine of procedural default the petition is dismissed with prejudice.");

Thompson v. Champion, 996 F.2d 311 (Table), 1993 WL 170924, *3 (10th Cir. 1993) ("We do not understand why the magistrate judge recommended dismissal without prejudice.  If federal habeas review of Petitioner's claim is barred by his state procedural default, or if Petitioner's claims are without merit, the petition should be dismissed with prejudice.").

Petitioner challenges three sentences.  First, he challenges the credits which the state court issued to him in Commonwealth v. Supples, CP-37-CR-0000122-1999 (Lawrence County Ct. Com. Pl.)(hereinafter "No. 99-122").[2]  Petitioner claims that on January 27, 1999, he was arrested on No. 99-122 and did not make bail.  He remained incarcerated thereon in pre-trial confinement until July 20, 1999, when he was sentenced for No. 99-122 to a period of incarceration of not less than 27 months and not more than 10 years.  The Sentencing Court specifically noted that Petitioner would be given 144 days of credit against the No. 99-122 sentence for time spent in pre-trial confinement.  Commonwealth v. Supples, CP-37-CR-0000122-1999 (docket sheet a p. 5 entry dated 7/21/99 clearly stating "144 DAYS CREDIT").  No direct appeal was taken thereafter.

Petitioner did file a PCRA petition in the Court on June 25, 2003, apparently challenging inter alia, the grant of only 144 days of pre trial confinement credit and claiming that he was actually entitled to a pre-trial confinement credit of 174 or 175 days because the time period between January 27, 1999 (i.e., the date of his arrest on No. 99-122) and July 20, 1999 (i.e., the date he was sentenced on No. 99-122) amounted to 174 or 175 days.  On September 24, 2003, an entry on the Common Pleas Court docket shows that Petitioner's PCRA petition was dismissed.

---

[2]  The docket of this case, of which this Court takes judicial notice, is available at http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=5098910

In fact, the PCRA petition was dismissed as being time barred.  See Appendix One (PCRA Trial Court Memorandum Order dismissing PCRA petition).   Again no appeal was taken.

The second sentence and crediting thereof  which Petitioner challenges is the sentence which the Lawrence County Court of Common Pleas imposed in Commonwealth v. Supples, No. CP-37-CR-0000331-1999 (Lawrence County Ct. Com. Pl.)(hereinafter "No. 99-331").   Shortly after he was arrested on No. 99-122, and while on pre-trial detention in jail on No. 99-122, Plaintiff was formally arrested on January 29, 1999 for the No. 99-331 case.  No bail was posted. On October 21, 1999, Petitioner was sentenced on the No. 99-331 case to not less six months and not more than two years of incarceration which sentence was to be served consecutively to any and all sentences Petitioner was then serving.  Petitioner received no  pre-trial credit against the No. 99-331 sentence for the time he spent in pre-trial detention,  apparently because all or most of the time he spent in pre-trial detention since his arrest on January 29, 1999 for case No. 99-331, was credited against his sentence imposed at No. 99-122.  Despite Petitioner receiving no pre-trial detention credit against his No. 99-331 sentence, as he now contends he was entitled to, he did not appeal the sentence at the time.  Although, he did file a PCRA petition on June 25, 2003,[3] in which he raised, inter alia, the sentencing credits issue for case No. 99-331, the PCRA court held that the PCRA petition was time barred.

The third sentencing credit challenge Petitioner raises is to a sentence imposed in Commonwealth v. Supples, No. CP-37-CR-0000838-2006 (Lawrence County Ct. Com. Pl.)

---

[3] This was the same PCRA petition he filed in No. 99-122, apparently, Petitioner challenged both sentences, i.e., No. 99-122 and No. 99-331, in one single PCRA petition.

(hereinafter "No. 06-838").[4]  Petitioner was paroled from his sentence of No. 99-331[5] and while on parole from that sentence, was arrested on May 13, 2006 for the charges made in No. 06-838. On February 2, 2007, Petitioner was sentenced on No. 06-838 to serve not less than one year nor more than two years with no days of credit for any time served in pre-trial detention.[6]  This sentence at No. 06-838 was ordered to be served concurrently to any sentence that had be issued previously.   No direct appeal was filed.  However, a PCRA petition was filed.  In that PCRA petition, Petitioner raised, inter alia, the sentencing credit issue and the PCRA Court actually granted relief in part and denied relief in part.  The PCRA court gave Petitioner pre-trial credit of 49 days on his No. 06-838 sentence but denied the PCRA petition in all other respects.   The PCRA court found the following:

> 3.  The Defendant is GRANTED the additional forty-nine (49) days credit in that the Defendant was arrested on May 13, 2006, bail was set by the Magisterial District Judge in the sum of fifty thousand dollars ($50,000.00) straight cash, and the Defendant remained incarcerated thereon in this case until his Pennsylvania detainer [filed by the Parole Board] on the state revocation became effective June 30, 2006.  Thus, Defendant would be entitled to the days credit from the date of arrest of May 13, 2006, until the state detainer became effective June 30, 2006.

---

[4]  The docket sheet for this case, of which this Court takes judicial notice, is available at:

http://ujsportal.pacourts.us/DocketSheets/CPReport.aspx?matterID=200303283

[5]  Although the record does not affirmatively establish that Petitioner was on parole from his sentence at No. 99-331, logic dictates that he was on parole from the sentence at No. 99-331, given that he would have had to serve his minimum on his sentence at No. 99-122 prior to being paper-paroled to begin to serve his minimum sentence on No. 99-331 since the sentence at No. 99-331 was consecutive to the sentence at No. 99-122.

[6]  Presumably, this was because the sentencing judge believed that such time served between May 13, 2006 and February 2, 2007 would be credited against any sentence of backtime Petitioner would be required to serve by the Board based upon Petitioner being a convicted parole violator.

May 6, 2008 Order of Court at Appendix Two.  Under AEDPA, the factual determinations

involved in the PCRA court's determination are entitled to a presumption of correctness.  28

U.S.C. § 2254(e)(1).  On June 2, 2008, Petitioner executed a pro se notice of appeal, and sent it

into the PCRA court, even though he had counsel of record.  There is, however,  no indication in

the record that the appeal was ever perfected or pursued.

   Due to the failure of Petitioner to file a direct appeal from the No. 99-122 sentence and

his failure to file a direct appeal from the No. 99-331 sentence, Petitioner waived under state law

any issues concerning how the trial court credited his sentences.

   Pennsylvania applies a rule of waiver in multiple contexts.  An issue not raised at trial or

on direct appeal is waived and, *a fortiori*, a failure to file an appeal to the Superior Court at all,

waives the issues that could have been raised in that appeal.  See  Commonwealth v. Agie, 296

A.2d 741, 741 (Pa. 1972)("We have consistently held that issues not raised in the court below are

waived and cannot be raised for the first time on appeal to this Court.")(citations omitted);

Commonwealth v. Steffish, 365 A.2d 865 (Pa. Super. 1976);  Commonwealth v. Mitchell, 445

A.2d 721, 723 (Pa. 1982)(issues not raised on direct appeal are waived).

   The court finds that Petitioner's failure to file a direct appeal in Nos. 99-122 and 99-331

constitutes a waiver of all of his issues under state law.  See Pa. R.A.P. No. 2116(a) (issue must

be presented in the Statement of Questions section of brief to the Superior court in order to be

considered); Thomas v. Elash, 781 A.2d 170, 176-77 (Pa. Super. 2001)("Although Appellant

may have preserved the issues raised in his post trial motions by mailing the motions within 10

days of the verdict, he has now waived those issues by failing to include them in his brief to this

Court. . . .  Having failed to properly raise and address the issues in his brief, Appellant has

9

precluded our review of his substantive claims.").  This state rule of waiver for failure to file an appeal or failure to raise an issue before the Superior Court appears to be "independent" as it seeks only to ask whether the issue was raised in the Superior Court and hence does not involve any question of federal law.  It also appears adequate as the rule was applied with sufficient consistency at the time of Petitioner's failure to file a direct appeal, i.e., July - August 1999 in case No. 99-122 and October - November 1999, and has been, since at least 1992.  See, e.g., Sistrunk v. Vaughn, 96 F.3d 666, 671 n.4 (3d Cir.  1996)("the rules [of Pennsylvania's appellate procedure] dictate that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court.");  Godfrey v. Patrick, CIVA 05-1106, 2006 WL 3692598, at *11 (W.D.Pa., Dec. 12, 2006) ("Because this rule of waiver [for failing to raise an issue in the Superior Court] was consistently applied, at least since 1992 and thereafter up to the time Petitioner filed his appeal brief in the Superior Court, i.e., October 29, 2003, it constitutes an 'adequate' state procedural rule for purposes of procedural default.")(footnote omitted). Hence, because Petitioner waived all of his issues under state law by failing to file a direct appeal to the Superior Court and because this state rule of waiver is independent and adequate, Petitioner has procedurally defaulted all of his claims for purposes of federal habeas law.

While it is true that ineffective assistance of counsel can, where there is a federal right to counsel, serve as "cause" so as to excuse the procedural default, (and here, there was a federal right to counsel on direct appeal), the claimed ineffective assistance of counsel issue must itself not have been procedurally defaulted, i.e., must have been properly raised in the state courts. See, e.g., Edwards v. Carpenter, 529 U.S. 446, 453 (2000) (holding that "an ineffective-assistance-of-counsel claim asserted as cause for the procedural default of another claim can

itself be procedurally defaulted").   Although Petitioner filed a PCRA petition concerning both

No. 99-122 and No. 99-331, the PCRA courts held that the PCRA petition was time barred and

hence Petitioner's claims could not be addressed on the merits.  Thus, any potential claim of

ineffective assistance of trial counsel claim for failing to raise the sentencing issue was waived

under state procedural law or could not be addressed under state procedural law.  This failure to

file a timely PCRA petition under state law constitutes a procedural default of any potential claim

of ineffective assistance of trial counsel Petitioner might seek to raise as cause for the failure to

appeal the issues of the sentencing credits in a direct appeal because the PCRA statute of

limitations is both adequate and independent and has been since even before 1999.  Banks v.

Horn, 49 F.Supp.2d 400 (M.D. Pa. 1999)(holding that the State Supreme Court's refusal to

consider a death sentenced PCRA petitioner's claims because his PCRA petition was untimely,

constituted a procedural default barring federal habeas review and that the PCRA's statute of

limitations and its application by the state Courts were independent and adequate); Catanch v.

Larkins, No. 98-85, 1999 WL 529036 (E.D. Pa.  July 23, 1999)(holding certain claims which

were not otherwise exhausted had been procedurally defaulted because the claims could not be

brought under a second PCRA petition as that petition would be time barred and that the State

courts apply the PCRA statute of limitations consistently, thus rendering it an adequate and

independent state law ground).

    Despite the Respondents arguing that Petitioner procedurally defaulted his claims,

Petitioner has not argued nor established a miscarriage of justice, as is his burden,[7] so as to

---

[7]  DiGuglielmo v. Smith, 366 F.3d 130, 136 (2d Cir. 2004)(petitioner bears burden of proof as to actual innocence claim to excuse procedural default); Domes v. Wakefield, NO. CIV.A. 05-457, 2006

(continued...)

excuse the multiple procedural defaults.[8]  Hence, the sentencing credits claims as to No. 99-122

and as to No. 99-331 have been procedurally defaulted and therefore, cannot be addressed on the

merits and thus cannot afford Petitioner any relief.

As to the third sentencing case, i.e., No. 06-838, Petitioner committed a procedural

default of any sentencing claim when, after the sentencing court directed that Petitioner would

receive zero credit against his sentence for any time spent in pre-trial detention, Petitioner failed

to file a direct appeal, just as he failed to do in No. 99-122 and No. 99-331 .  However, unlike in

those two cases, Petitioner did file a timely PCRA petition, wherein he raised the issues of being

given more credit on his sentence at No. 06-838.  It is not clear that Petitioner raised an

ineffective assistance of trial counsel claim in his PCRA petition and thus, it is possible that he

procedurally defaulted this claim of cause for failing to raise the sentencing credit issue as to No.

06-338.  However, even if he had raised the claim of ineffective assistance of counsel in the

PCRA petition at the trial level, he most certainly procedurally defaulted this claim of cause

because he failed to file an effective appeal from the PCRA court's disposition.  Hence, this

---

[7](...continued)
WL 1437172 at *9  (W.D.Pa. Jan. 19, 2006) ("Not only has Petitioner failed to argue the existence of
cause and prejudice, Petitioner has also failed to argue a miscarriage of justice as is his burden.").

[8]  It is not entirely clear whether the miscarriage of justice exception also known as the actual
innocence exception to procedural default even applies in the context of a sentencing credit claim,
essentially a claim that one is actually innocent of the sentence, or at least the entire sentence.  Dretke v.
Haley, 541 U.S. 386, 396 (2004) (observing that actual innocence claims "are likely to present equally
difficult questions regarding the scope of the actual innocence exception itself. Whether and to what
extent the exception extends to noncapital sentencing error is just one example."); Reid v. Oklahoma,
101 F.3d 628, 630 (10th Cir. 1996)("[a] person cannot be actually innocent of a noncapital sentence,");
Hubbard v. Pinchak, 378 F.3d 333 (3d Cir. 2004)(applying actual innocence exception to non-capital
sentencing claim in the context of a life sentence and finding petitioner failed to carry his burden of
proof). Cf. U.S. v. Mikalajunas, 186 F.3d 490, 494-95 (4th Cir. 1999)(one cannot make an actual
innocence claim of a sentencing guideline error).  Because Petitioner does not even argue such an
exception, we need not address it.

claim of sentencing credit as to No. 06-838 is likewise procedurally defaulted because it was not raised in direct appeal and Petitioner procedurally defaulted his claim of cause for this default by not filing an effective appeal of the PCRA court's disposition of his PCRA petition.[9]   Nor has Petitioner argued a miscarriage of justice, as is his burden.  DiGuglielmo v. Smith, 366 F.3d at136;  Domes v. Wakefield, 2006 WL 1437172 at *9.   Hence, this issue of sentencing credits as to No. 06-838 is procedurally defaulted and cannot be addressed on the merits and thus, cannot afford Petitioner relief.

In the alternative, even if we were to address the issue of the sentencing credits as to No. 06-838 on the merits, such would not afford Petitioner relief.  We note that the PCRA court also addressed this issue on the merits, and found that Petitioner was indeed entitled to an additional 49 days of credit, i.e., from May 13, 2006 (the date of his arrest on No. 06-838) to June 30, 2006 (the date that the Parole Board's detainer became effective).  Because the PCRA court addressed this issue on the merits, AEDPA's deferential standards of review apply, as Respondents point out.[10]   See, e.g., Harris v. Diguglielmo, NO. CIV.A. 07-213, 2007 WL 3120065, at *4 (W.D.Pa. Oct. 22, 2007) ("Where the State courts have reviewed a federal issue presented to them and

_____

[9]  While Petitioner contends that his PCRA counsel abandoned him and thus he was hamstrung from perfecting his appeal, any such actions on the part of PCRA counsel, even if we assume them to constitute ineffective assistance of counsel can not change the outcome here. Ineffective assistance of PCRA counsel cannot provide a basis for habeas relief because Petitioner has no federal constitutional right to counsel in PCRA proceedings, nor can such assumed ineffectiveness of PCRA counsel constitute "cause" so as to excuse a procedural default.  Domes v. Wakefield, NO. CIV.A. 05-457, 2006 WL 1437172 at * 10  (W.D.Pa. Jan. 19, 2006) ("the ineffective assistance of PCRA counsel cannot serve as cause given that there is no federal right to counsel at the PCRA stage")(citing, Werts v. Vaughn, 228 F.3d 178, 189 n. 4 (3d Cir. 200) and Hull v. Freeman, 991 F.2d 86, 91 (3d Cir. 1993)).  Hence, even if PCRA counsel did not perfect an appeal, such would be of no effect upon Petitioner's procedural default of his claims herein insofar as relates to cause and prejudice.

[10]  Dkt. [12] at 19.

disposed of the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the State courts' disposition of that issue."), *aff'd*,  304 Fed.Appx. 80 (3d Cir. 2008). Petitioner has not argued nor shown that the PCRA court's disposition of his claims for crediting his sentence at No. 06-838 was contrary to or an unreasonable application of then extant Supreme Court precedent.  Nor has he rebutted the presumption of correctness of the PCRA court's implicit or explicit factual findings by clear and convincing evidence as is his burden under AEDPA.   Werts v. Vaughn, 228 F.3d 178, 196 (3d Cir.  2000) ("Factual issues determined by a state court are presumed to be correct and the petitioner bears the burden of rebutting this presumption by clear and convincing evidence."); Young v. Dretke, 356 F.3d 616, 629 (5th Cir. 2004) ("As a federal habeas court, we are bound by the state habeas court's factual findings, both implicit and explicit. Under AEDPA, 'a determination of a factual issue made by a State court shall be presumed to be correct.' 28 U.S.C. § 2254(e)(1). 'The presumption of correctness not only applies to explicit findings of fact, but it also applies to those unarticulated findings which are necessary to the state court's conclusions of mixed law and fact.'").  Accordingly, Petitioner's claim with respect to his sentence at No. 06-838, addressed on the merits, simply fails to afford Petitioner relief.  Hence, this claim is properly dismissed.

### Claims as to Nos. 99-122 and 99-331 are Time Barred

In the alternative, Petitioner's attacks on the sentencing orders in Nos. 99-122 and 99-331 are time barred under AEDPA's statute of limitations, as Respondents point out.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) (AEDPA), which amended the standards for obtaining federal habeas relief, was

effective April 24, 1996.  Because Petitioner's habeas petition was filed after the effective date of

AEDPA, AEDPA is applicable to this case.  Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000)

cert. denied, 532 U.S. 980 (2001).

Generally, AEDPA requires that state prisoners file their federal habeas petition within

one year of any of four enumerated events:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of
> habeas corpus by a person in custody pursuant to the judgment of a State court.
> The limitation period shall run from the latest of--
>   (A) the date on which the judgment became final by the conclusion of direct
> review or the expiration of the time for seeking such review;
>   (B) the date on which the impediment to filing an application created by State
> action in violation of the Constitution or laws of the United States is removed, if
> the applicant was prevented from filing by such State action;
>   (C) the date on which the constitutional right asserted was initially recognized
> by the Supreme Court, if the right has been newly recognized by the Supreme
> Court and made retroactively applicable to cases on collateral review;  or
>   (D) the date on which the factual predicate of the claim or claims presented
> could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

Because the Commonwealth raised the affirmative defense of the statute of limitations,

and, hence, Petitioner has been put on notice of a statute of limitations issue, it is appropriate to

place some burden on him to show why the statute of limitations has not run.  See, e.g., Smith v.

Duncan, 297 F.3d 809, 814 (9th Cir. 2002) ("once a petitioner is given adequate notice and

opportunity to respond to allegations that his petition is subject to dismissal pursuant to

AEDPA's statute of limitations, petitioner has the burden of providing an adequate response")

(citing Herbst v. Cook, 260 F.3d 1039, 1041-42 (9th Cir. 2001)), *abrogation on other grounds*

*recognized in*, Moreno v. Harrison, 245 Fed.Appx. 606 (9th Cir. 2007); Jackson v. Secretary for

Dept. of Corrections, 292 F.3d 1347, 1349 (11th Cir. 2002); Robinson v. Johnson, 313 F.3d 128,

134-35 (3d Cir. 2002) ("The purpose of requiring the defendant to plead available affirmative

defenses in his answer is to avoid surprise and undue prejudice by providing the plaintiff with

notice and the opportunity to demonstrate why the affirmative defense should not succeed.").

Petitioner has not met that burden of coming forward with anything other than merely declaring

that his petition is timely.  (Doc. 3 at 13, ¶ 18).

    Because Petitioner filed no post sentence motion and took no appeal from the judgment

of sentence, Petitioner's conviction on No. 99-122 became final 30 days after the imposition of

sentence,  i.e., 30 days after July 20, 1999, which is August 19, 1999.  See, e.g., Morris v. Horn,

187 F.3d 333, 337 n.1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir.

1999); Woolfolk v. Mechling, No. Civ.A. 02-7211, 2003 WL 22837608, *4  (E.D. Pa. Nov. 25,

2003)("Direct review of Petitioner's conviction ended on November 20, 1998, since Petitioner

did not appeal his guilty plea within thirty days of the sentencing.").  Hence, Petitioner had until

August 19, 2000 in which to file his habeas petition.  Petitioner did not file the instant habeas

petition until at the earliest, September 9, 2008, the date whereon he signed his habeas petition.

This is more than nine years after his conviction became final as to No. 99-122.  While it is true

that a properly filed PCRA petition can toll AEDPA's statute of limitations, no such PCRA

petition was filed before the AEDPA statute of limitations had already run out, as the only PCRA

petition he filed in the State Courts relating to No. 99-122 was not filed until, at the earliest, on

or about June 25, 2003, more than three years after AEDPA's statute of limitations had run out.

See, e.g., Cordle v. Guarino, 428 F.3d 46, 48 n.4 (1st Cir. 2005)("Under 28 U.S.C. § 2244(d)(2),

'the time during which a properly filed application for State post-conviction or other collateral

review with respect to the pertinent judgment or claim is pending shall not be counted' toward

the one-year limitations period. However, Cordle's motion for a new trial was not filed until November 11, 2000, several years after her AEDPA limitations period had already expired. 'Section 2244(d)(2) only stops, but does not reset, the [AEDPA] clock from ticking and cannot revive a time period that has already expired.'").

The same reasoning applies equally to his claims concerning No. 99-331.  Because Petitioner did not file a direct appeal in No. 99-331, his conviction in No. 99-331 became final thirty days after October 21, 1999 (i.e., the date whereon he was sentenced), which would be November 20, 1999.  Hence, Petitioner would have had one year from November 20, 1999 (i.e., until November 20, 2000) in which to file his habeas petition.  He is not deemed to have filed the instant habeas petition until, at the earliest, September 9, 2008, nearly nine years after his conviction became final.  Again, while a properly filed PCRA petition can toll the running of AEDPA's statute of limitations, the proper filing of a PCRA petition cannot revive AEDPA's statute of limitations once it has already run and here, Petitioner did not file his PCRA petition in No. 99-331 until around June 25, 2003, more than two years after AEDPA's statute of limitations had already run out.  Hence, any claims with respect to No. 99-331 are time barred.

Petitioner has not argued for any other starting point for AEDPA's statute of limitations, and from the record none appear to be applicable.

Nor has Petitioner argued for any equitable tolling, notwithstanding that Petitioner was apprised that the time bar would be an issue by Respondents' answer.[11]  See, e.g., Polk v. Cain, No. Civ. A. 00-3026, 2001 WL 736755, *9 (E.D. La. June 23, 2001)("A person seeking the tolling of the statute of limitations period has the burden of showing circumstances exist that

_____

[11]  Dkt. [12] at 5 to 6.

justify tolling."); <u>Balagula v. United States</u>, 73 F.Supp.2d 287, 291 (E.D.N.Y. 1999)("The

burden lays with the petitioner to establish the entitlement to equitable tolling."); <u>Turner v.</u>

<u>Singletary</u>, 46 F.Supp.2d 1238, 1243 (N.D. Fla. 1999)("The burden is upon the petitioner to show

that equitable tolling is warranted.").  Hence, Petitioner has not carried his burden to show

entitlement to equitable tolling and the claims as to Nos. 99-122 and 99-331 are properly

dismissed as being barred by AEDPA's statute of limitations.[12], [13]

Lastly, we note, in an attempt to relieve Petitioner of his erroneous view of the law, the

following.  Petitioner apparently believes he is entitled to credit for pre-trial detention that he

served on 99-122 from January 27, 1999, the date of his arrest thereon until July 20, 1999, when

he was sentenced for No. 99-122.  Petitioner did get at 144 days of credit against that sentence.[14]

---

[12]  The only other imaginable starting point for the running of the AEDPA statute of limitations
could be the date of the discovery of a factual predicate of his claim.  However, given that the sentencing
courts both indicated at his sentencings in Nos. 99-122 and 99-331 how his sentences would be credited
or not credited for pre-trial detention periods, Petitioner can make no argument that the factual predicate
of his claims were not discovered at the time of his two sentencings.  Hence, we reject any suggestion
that Petitioner only became aware of this sentencing issue on August 14, 2006.  Dkt. [3] at 5, ¶ 12 (a).
Petitioner makes no argument concerning a State created impediment, nor does it appear he bases his
arguments on newly decided United States Supreme Court precedents.  Hence, the starting point for
AEDPA's statute of limitations is the date his convictions became final in Nos. 99-122 and 99-331.  <u>See,</u>
<u>e.g.</u>, <u>Perry v. Diguglielmo</u>, NO. CIV.A. 06-1560, 2008 WL 564981, at *5 (W.D.Pa., Feb. 29, 2008)
("Although a habeas respondent has the burden of affirmatively pleading AEDPA's statute of limitations,
it is appropriate, where, as here, the habeas petitioner has been put on notice of a statute of limitations
issue, to place some burden on the habeas petitioner to show why some date other than the date of the
conviction becoming final should be used to calculate the running of the statute of limitations.")(citations
omitted).

[13]   In his brief in support of his habeas petition, Petitioner appears to complain of some actions
taken by the Parole Board.  (Doc. 4 at 8 to 9).  To the extent that he attempts to raise herein any
complaint about the Board's actions, Petitioner has failed to demonstrate that he exhausted his state court
remedies as to any claims against the Board.  <u>See</u>, <u>e.g.</u>, <u>Boyd v. Waymart</u>, 579 F.3d 330, 367 (3d Cir.
2009)("The habeas petitioner carries the burden of proving exhaustion of all available state remedies.") .

[14]  From the record before the Court, it simply is not clear why Petitioner only received pre-trial
credit beginning on February 26, 1999, which, according to this Court's calculation, is 144 days before
(continued...)

However, he also believes that he is entitled to receive credit on the No. 99-331 sentence for time spent in pre trial custody from January 29, 1999 (the date he was formally arrested on No. 99-331 sentence while he was already incarcerated in pre-trial detention on the No. 99-122 case) until October 24, 1999, when he was sentenced on the No. 99-331 case.  Thus, Petitioner apparently believes he is entitled to double credits for these days, i.e., credits against both his No. 99-122 sentence and against his No. 99-331 sentence.  Petitioner is mistaken.

Pennsylvania state law does not permit the grant of double credits in such situations.  See, e.g., Commonwealth v. Hollawell, 604 A.2d 723, 725 (Pa.Super. 1992)("Appellant argues that his time spent in custody prior to sentencing should be credited towards the sentence imposed by Judge Temin, as well as the sentence imposed by Judge Sheppard. Appellant contends that his incarceration was the direct result of the charges filed in both cases, and therefore, his time incarcerated prior to sentencing should be credited towards both sentences. We disagree."); Commonwealth  v. Merigris, 681 A.2d 194, 195 (Pa.Super. 1996)("The operative rule, both in *Frank* and in *Hollawell*, is that a defendant should receive credit only once for time served before sentencing. Applying this court's rationale in *Frank*, we hold that once the federal court credited Merigris for time incarcerated as a result of the federal detainer, appellant's time in custody at the Monroe County Correctional Facility was no longer "a result of" the charges brought by the Commonwealth.").  The same rule would apply to Petitioner's seeking credit against his No. 06-838 sentence.  From the record and what can be inferred, Petitioner seeks to have credited against

---

[14](...continued)
July 20, 1999 rather than credit from January 27, 1999 to July 20, 1999, which, according to the Court's calculation would be 174 days of credit for pre-trial detention.  It is possible that this time was credited against another sentence.  However, even if it were otherwise, as noted above, Petitioner's claims regarding the granting of pre-trial credit on No. 99-122 are both time barred and procedurally defaulted.

his No. 06-838 sentence, the time that ran from the date of his arrest on the No. 06-838 charges to the date of his sentencing on those charges. However, as can be inferred from the PCRA trial court's opinion, the time from June 30, 2006 (which was the date that the Parole Board's detainer took effect) until at least the date whereon he was sentenced on the No. 06-838 sentence, was all credited to the sentence(s) he was paroled from. Hence, he would not be entitled under Pennsylvania law to also have that time credited against his No. 06-838 sentence. Nor does Pennsylvania's law barring double credits violate the federal Constitution. See, e.g., Von Staich v. California Dept. of Corrections, 228 Fed.Appx. 780, 781 (9th Cir. 2007)("Von Staich also contends that his due process and equal protection rights were violated when he was not given sentencing credits for his second-degree murder conviction after already having those credits applied to his consecutive thirteen-year sentence for attempted murder. We disagree. Von Staich has no right to double credits"); McCarthy v. Coplan, No. Civ. 03-396, 2004 WL 2713197 (D.N.H., Nov. 29, 2004)(rejecting contention that petitioner had federal constitutional right to receive full credit against both his federal and state sentences for a single period of time spent incarcerated). Cf. Hoover v. Snyder, 904 F.Supp. 232, 234 (D.Del. 1995) ("as a general rule, a state prisoner has no federal constitutional right to credit for time served prior to sentencing absent a state statute granting such credit.")(quoting Palmer v. Dugger, 833 F.2d 253, 254 (11th Cir. 1987)). Hence, Petitioner is simply mistaken in his view of the law regarding the proper crediting of his state sentences. Thus, this provides yet another ground upon which to deny his petition.

### Certificate of Appealability

Section 2253 generally governs appeals from district court orders regarding Section 2254

habeas petitions.  Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order "in a habeas proceeding in which the detention arises out of process issued by a State court" unless a certificate of appealability ("COA") has been issued.  Because the petition complains of his state conviction and the resulting sentence, the final order disposing of this petition will constitute a "final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" within the meaning of 28 U.S.C. 2253(c)(1)(A).  Accordingly, the COA requirement applies.

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).  There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right.  See, e.g., Slack v. McDaniel, 529 U.S. 473 (2000); Walker v. Government of The Virgin Island, 230 F.3d 82, 89-90 (3d Cir. 2000).  In Slack v. McDaniel, the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate of appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. at 484.  Hence, the analysis as to whether a certificate of appealability should issue to review a procedural question, has "two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  Walker v. Government of the Virgin Islands, 230 F.3d at 90 .  The test is conjunctive and both prongs must

21

be met.  See id.  Applying this standard to the instant case, the Court concludes that jurists of

reason would not find it debatable whether dismissal of the petition based upon Petitioner's

procedural default and/or AEDPA's time bar was correct.  Nor has Petitioner made a substantial

showing of a denial of his constitutional rights.  Accordingly, a certificate of appealability will be

denied.


                                        /s/ Amy Reynolds Hay
                                        Chief United States Magistrate Judge



Dated: 21 January, 2010

cc:     Allen Jerome Supples
        DZ-5713
        SCI Mahanoy
        301 Morea Road
        Frackville, PA 17932

        Counsel of Record via CM-ECF